# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS WATERS, JR | * |
|     Plaintiff, | * |
| v. | *   Civil Action No: 06-383 (RBW) |
| CENTRAL INTELLIGENCE AGENCY | * |
|     Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S MOTION TO SEAL CERTAIN EXHIBITS

Plaintiff Thomas Waters, Jr., by his undersigned counsel, respectfully moves this Court pursuant to LCvR 5.1 (j) to seal certain exhibits associated with his Motion for a Permanent Injunction or, alternatively, for Preliminary Injunction that has been contemporaneously filed against the defendant Central Intelligence Agency ("CIA").

This lawsuit was filed March 3, 2006, in order to prevent continuing and further infringement of Waters' First Amendment constitutional rights. It consists of a challenge to the CIA's prepublication review process which has determined that portions of Waters' book *Class 11: Inside the CIA's First Post-9/11 Spy Class* (Dutton: 2006), which is scheduled for publication on April 6, 2006, contains classified information and cannot be disseminated or published.

For a recital of the relevant facts, Waters respectfully incorporates those set forth in his Complaint and Motion for a Permanent Injunction or, alternatively, for Preliminary Injunction.

The following exhibits sought to be covered by this Motion are:

    Exhibit "2" (Letter dated May 27, 2004)
    Exhibit "3a" (Pages from draft manuscript accompanying CIA
       letter dated September 1, 2004)
    Exhibit "4" (Letter dated September 16, 2004, and accompanying
       documents)
    Exhibit "6a" (Pages from draft manuscript accompanying CIA letter dated
       September 16, 2004)

    Exhibit "7" (Letter dated September 20, 2004)
    Exhibit "8" (Letter dated December 5, 2004, and accompanying
     documents)
    Exhibit "10b" (Letter dated September 27, 2004)
    Exhibit "25" (Current unclassified, redacted Manuscript)

  Exhibits "2", "4", "7", "8" and "10b" consist of correspondence and documents sent to the CIA's Publication Review Board ("PRB") by Waters. It is requested that these exhibits be temporarily sealed as a precaution to ensure no classified information is contained therein. Although Waters neither believes any classified information is within these documents, which were transmitted via open non-secure facsimile lines and e-mail, nor was he ever informed by the PRB of any classification or sensitivity concerns, his undersigned counsel twice invited the PRB to inform him whether the CIA now held any concerns regarding the contents. See Exhibit "1".

  Notwithstanding the fact that the PRB has failed to respond, the undersigned counsel informed the CIA that he would seek to initially seal the documents until such time either the CIA indicates there is no classified information therein or continues to fail to respond (thus implicitly confirming the fact that no classified information is at issue). At that time Waters will request that this Court unseal these particular exhibits (except to the extent, as detailed below, portions of the draft manuscript are part of that exhibit).

  Exhibits "3a", "4" (portions), "6a", and "8" (portions) each contain pages from the draft manuscript at the heart of this legal dispute. Exhibit "25" contains the complete current unclassified, redacted version of the manuscript. These pages are proprietary in nature and protected by copyright. As stated by the CIA, "[t]he written material submitted to it is the private property of an author; it is copyrighted, proprietary information." Hedley, John Hollister, *Reviewing the Work of CIA Authors: Secrets, Free Speech, and Fig Leaves*, <u>Studies in Intelligence</u> (Spring 1998)(Hedley was the PRB Chairman at the time of publication).

Because the manuscript has not yet been published, and therefore is not available to the public, Waters and his publisher would suffer significant harm were these pages to become available as part of the public record and subject to unfettered copying.

Therefore, Waters respectfully requests this Court grant his motion to seal these identified exhibits until such time as either the Court declares otherwise or the parties agree as to their disposition. A proposed Order accompanies this Motion.

Date:   March 7, 2006

                                                    Respectfully submitted,

                                                           /s/
                                                _____
                                                Mark S. Zaid, Esq.
                                                DC Bar #440532
                                                Krieger & Zaid, PLLC
                                                1920 N St., N.W.
                                                Suite 300
                                                Washington, D.C. 20036
                                                (202) 454-2809
                                                ZaidMS@aol.com

                                                Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 7th day of March 2006, a copy of the foregoing Plaintiff's Motion to Seal Certain Exhibits was hand-delivered to:

    U.S. Attorneys Office for the
      District of Columbia
    501 Third Street, N.W.
    Washington, D.C.  20001

    Office of General Counsel
    Central Intelligence Agency
    Washington, D.C. 20505

                  /s/
          _____
          Mark S. Zaid, Esq.