**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THOMAS WATERS, JR         * | |
|       * | |
|    Plaintiff,        * | |
|       * | Civil Action No: 06-383 (RBW) |
| v.       * | |
|       * | |
| CENTRAL INTELLIGENCE AGENCY     * | |
|       * | |
|    Defendant.        * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REQUEST FOR HEARING ACCOMPANIED BY A STATEMENT**
**OF FACTS WHICH MAKE EXPEDITION ESSENTIAL WITH RESPECT**
**TO PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION**
**OR, ALTERNATIVELY, FOR PRELIMINARY INJUNCTION**

Plaintiff Thomas Waters, Jr., ("Waters") by his undersigned counsel, respectfully submits this request for a hearing pursuant to LCvR 65.1 (d) with respect to his Motion for a Permanent Injunction or, alternatively, a Preliminary Injunction which has been contemporaneously filed on March 7, 2006. This request is accompanied below with a statement of facts setting forth why expedition is essential.

LCvR 65.1 (d) states that "[o]n request of the moving party together with a statement of facts which make expedition essential, a hearing on an application for preliminary injunction shall be set by the court no later than 20 days after its filing, unless the court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties."

This lawsuit was filed March 3, 2006, in order to prevent continuing and further infringement of Waters' First Amendment constitutional rights. It consists of a challenge to the Central Intelligence Agency's ("CIA") prepublication review process which has determined that portions of Waters' book *Class 11: Inside the CIA's First Post-9/11 Spy Class* (Dutton: 2006), which is scheduled for publication on April 6, 2006, contains classified information and cannot be disseminated or published.

## STATEMENT OF FACTS

A detailed set of facts is set out in Waters' Memorandum of Law in Support of Plaintiff's Motion for Permanent Injunction or, alternatively, a Preliminary Injunction (filed March 7, 2006)("PI Memo"), and Waters incorporates those herein by reference. Essentially, the most relevant facts are as follows:

Waters was employed by the CIA from 2002-2004. Due to his employment, he is required by virtue of a secrecy agreement to submit all writings for prepublication review. He is currently a senior intelligence contract analyst for the Department of Defense. See Complaint at ¶3 (filed March 3, 2006); Declaration of Thomas J. Waters at ¶3 (dated March 6, 2006)("Waters Decl."), attached at PI Memo, Exhibit "1". Waters participated in the first CIA training class that followed the tragic terrorist attacks of September 11, 2001.

Since Spring 2004, Waters has been in discussions with the CIA's Publication Review Board regarding his non-fiction manuscript then initially entitled *Class 11: America Responds to September 11*. By letter dated September 20, 2004, the PRB notified Waters that it had "completed its review of the rewrite of your manuscript entitled *Class 11 – America Responds to 9-11: Inside the Largest Spy Class in CIA History*." Only four words in the entire manuscript were determined to be "inappropriate for disclosure in the public domain and must be revised or deleted prior to publication." After Waters consented to those four deletions, he was now free to disseminate the manuscript as he saw fit.

Based on the CIA's approval of the text of his draft manuscript, Waters began to "shop" it around for a publisher. In or around December 2004, Waters negotiated the sale of the publishing rights to the unclassified manuscript to Dutton, a division of Penguin Group (USA), Inc., based on the version of *Class 11* that had been cleared for release by the PRB in September 2004. Complaint at ¶14; Waters Decl. at ¶3. The formal agreement was signed with Dutton on February 5, 2005. Declaration of Mitchell Hoffman at ¶2

(dated March 7, 2006)("Hoffman Decl."), attached at PI Memo, Exhibit "30". The CIA was timely made aware of this fact.

In December 2004 and September 2005, Waters submitted some changes to the manuscript, most of which originated with Dutton editors. Many of the changes were nothing more than edits of punctuation, spelling and grammar". Id. at ¶5. The CIA PRB never indicated it held any concern with respect to the changes. In August 2005, Dutton tentatively scheduled publication of the Work for March 2006, and included it in Dutton's Winter 2006 catalogue, which is distributed to the book-publishing trade and to the media. Id. at ¶6. The PRB was aware that the book had a scheduled release date of March 2, 2006. Complaint at ¶15; Waters Decl. at ¶3; PI Memo, Exhibits "10a", "10b".

By facsimile dated February 15, 2006, the PRB notified Waters of dozens of required deletions, which included substantial portions of text that had previously undergone PRB/CIA review and had been determined to be unclassified and authorized for release. Complaint at ¶28; PI Memo, Exhibit "24". The PRB's letter contained characterizations completely inconsistent with prior PRB policies in general and specifically with respect to prior communications with Waters. The PRB now claimed that legal obligations, never before imposed, prevented Waters from disseminating any copies of the manuscript, much less publishing it, without specific formal approval from the PRB of the final, ready to be published, document. This statement was logically inconsistent given the fact that the CIA was well aware Waters had sold the manuscript to Dutton in December 2004, and for months had been in the process of moving towards publication.

Waters' book, now entitled "*Class 11: Inside the CIA's First Post-9/11 Spy Class*", is scheduled for publication on April 6, 2006. Pre-publication orders are already being accepted by such online retailers such as *www.Amazon.com*. The final pages, dust jackets and hardcover "casings" are already printed. Hoffman Decl. at ¶13. Dutton needs only to bind these materials to produce finished books. Id. The CIA's delay tactics and reclassification of previously approved information will cost Waters no less than $9,000

3

should a new version of the book need to be created, not to mention potential loss of sales, and a significant loss of time before publication can actually take place. Complaint at ¶31; Hoffman Decl. at ¶14.

A detailed legal analysis is set forth in Waters' PI Memo noting that courts throughout the United States grant expedited attention to cases involving First Amendment interests. See PI Memo at 14-16. The heart of this case is the infringement of Waters' First Amendment rights as he "has a strong first amendment interest in ensuring that CIA censorship of his [manuscript] results from a proper classification of the censored portions." McGehee v. Casey, 718 F.2d 1137, 1142, 1147-48 (D.C.Cir. 1983).

Waters PI Motion is being filed March 7, 2006. By operation of LCvR 65.1 (c), the CIA will have five days, or on or about March 13, 2006, in which to respond. Waters respectfully requests this Court set a hearing on this matter as soon thereafter as possible, and starting with the possibility of March 15, 2006.

Date:   March 7, 2006

                                              Respectfully submitted,

                                              /s/

                                              _____
                                              Mark S. Zaid, Esq.
                                              DC Bar #440532
                                              Krieger & Zaid, PLLC
                                              1920 N St., N.W.
                                              Suite 300
                                              Washington, D.C. 20036
                                              (202) 454-2809
                                              ZaidMS@aol.com

                                              Attorney for Plaintiff