# EXHIBIT "31"

## Declaration of former DCI R. James Woolsey

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANNY B. STILLMAN | * |
| | * |
|     Plaintiff, | * |
| | * |
|     v. | *    Civil Action No. 01-1342 (EGS) |
| | * |
| DEPARTMENT OF ENERGY et al. | * |
| | * |
|     Defendants. | * |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

### DECLARATION OF R. JAMES WOOLSEY

I, R. JAMES WOOLSEY, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am a person over eighteen (18) years of age and competent to testify. I make this Declaration on personal knowledge and in support of the plaintiff's Supplemental Memorandum in Support of Plaintiff's Motion to Compel Defendants To Permit His Attorney's Access to Classified Manuscript and Pleadings

2. I am presently a partner in the law firm of Shea & Gardner, where I have practiced on four occasions since 1973. I most recently returned to the firm in January 1995 after serving two years as Director of Central Intelligence. Prior to serving as Director of Central Intelligence, I served in the U.S. government as: Ambassador to the Negotiation on Conventional Armed Forces in Europe (CFE), Vienna, 1989-1991; Under Secretary of the Navy, 1977-1979; and General Counsel to the U.S. Senate Committee on Armed Services, 1970-73.

3. I am aware of the circumstances surrounding the plaintiff Danny B. Stillman's efforts to publish his manuscript and challenge the classification decisions of the defendants Central Intelligence Agency, Defense Intelligence Agency and the Department of Defense. Moreover, I am familiar with the current dispute regarding whether Mr. Stillman's attorney, Mark S. Zaid, has a "need-to-know" the allegedly classified portions of the manuscript in order to properly represent his client's interests in

this litigation.

4. Prepublication review challenges are rarely brought to light in a judicial forum. The constitutional interests at stake, especially that of the First Amendment, are particularly significant in such cases given that the information in question was actually authored by the plaintiff. In order to permit a lawful challenge to an agency's classification decisions, an author's attorney, if holding the appropriate security access, must be provided unfettered access to the writing in question (as well as access to his client) and any agency declarations submitted in support of the classification decisions. That is, the attorney clearly possesses a "need-to-know" under the specific circumstances.

5. It is my understanding that in Mr. Stillman's case the defendants have alleged that information within his manuscript has been classified at the SECRET level. Additionally, it is my understanding that Mr. Stillman's attorney currently holds SECRET level access with the Central Intelligence Agency and Defense Intelligence Agency. In my opinion, Mr. Zaid possesses the requisite "need-to-know" as that term is used in Executive Order 12,958 and should be permitted access.

I do solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true to the best of my knowledge.

Date:   March 13, 2002

/s/
_____
R. James Woolsey

2