UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS WATERS, JR | * |
| Plaintiff, | * |
| v. | * Civil Action No: 06-383 (RBW) |
| CENTRAL INTELLIGENCE AGENCY | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR EXTENSION OF TIME**

Plaintiff Thomas Waters, Jr., ("Waters") opposes the eleventh hour extension of time sought by the defendant Central Intelligence Agency ("CIA") in this First Amendment censorship case.[1] The CIA's response was due today, March 14, 2006, and it has no legitimate excuse to justify a delay of even the three days it now seeks.

This case was filed on March 3, 2006, and Waters' Motion for Permanent Injunction Or, Alternatively, for Preliminary Injunction was served on March 7, 2006. The CIA was notified on March 2, 2006, of the forthcoming lawsuit. A copy of the Complaint was sent to the CIA electronically on March 3, 2006. A copy of the injunction was also sent to the CIA electronically on March 7, 2006.

More importantly, pursuant to the requirements of LCvR 65.1, Waters properly served the U.S. Attorney's Office for the District of Columbia with the motion for injunction less than 30 minutes after it had been filed with the Clerk's Office.

---

[1] In seeking this extension of time the CIA violated LCvR 7 (m) which required counsel to confer on this nondispositive motion. While the hour of filing (8:29 p.m.) was late, no obvious effort was attempted to reach Waters' counsel via telephone or e-mail (where, in fact, counsel was available). No known messages were left. Although CIA counsel noted that Waters' counsel had previously objected to any extension of time, when the situation is reversed, the Department of Justice generally does not hesitate to note this objection.

The CIA insinuates that part of the reason for its extension request is that its current counsel, who serves in the Department of Justice's Federal Programs Branch, did not receive a copy of Waters' motion until March 10, 2006. While Waters' counsel certainly sympathizes with his counterpart's situation, it is not only irrelevant but it is unfair to allow the Government's inefficiency to harm Waters and his publisher. This is a time sensitive case. Every day that elapses cause further actual harm to Waters and his publisher, not to mention the constitutional mockery this request evokes. The five-day clock started with service upon the U.S. Attorney's Office. That it took three days for an appropriate Justice Department attorney to be assigned to this case is inexcusable. Nothing in the rules contemplates the participation of the Federal Programs Branch and the failure of the Government to abide by its obligations, after Waters completed his, should not be condoned.

The CIA specifically claims that it needs more time, after noting the fact that a "draft of the response has been completed" because of the need to "resolve certain issues created by plaintiff's motion to seal certain exhibits and to put the draft into final form." Yet it never once raised any issue or question with Waters' counsel about any potential "issues" regarding the sealed exhibits. In fact, the CIA was twice asked, on March 4, 2006, and again on March 6, 2006, as to whether it had any concerns or issues with Waters' plan to file certain documents under seal. No response was ever received.

On March 13, 2006, Waters' counsel communicated via e-mail with the CIA's counsel about the sealed exhibits to again inquire as to whether any of the documents can be unsealed.

> WATERS' COUNSEL: David, please let me know the CIA's position on the classification status of the Waters' correspondence with the PRB that are currently sealed. My preference is to unseal any exhibits that do not require such protection.
>
> Additionally, please also let me know whether the CIA intends to submit to the Court an unredacted copy of the manuscript or whether I need to have Waters do so.
>
> CIA COUNSEL: Mark -- I'm busy with my response to your motion. I will address your questions as time permits. David

This response prompted Waters' counsel to inquire as to whether the CIA had changed its mind regarding its planned request for a two-week extension of time, for which consent had been sought from and denied by Waters on March 10, 2006. The CIA's counsel telephoned Waters' counsel and replied in the affirmative that a substantive response was to be timely filed on March 14, 2006. No issue was mentioned about the sealed exhibits causing any type of problem that would delay filing, much less require an additional three days of time to perfect.

The CIA's request places this Court in an unfair precarious position in attempting to balance the constitutional rights of Waters with the alleged needs of the CIA. The CIA has taken a risk, when the stakes are so high, by seeking this extension at almost literally the very last second. The CIA has missed its required filing deadline.[2] This Court could, if it chose to do so, treat Waters' motion as conceded. Waters certainly recognizes that that outcome is quite unlikely. And while a three-day extension may seem trivial in the

---

[2] Here the CIA has already had in its possession Waters' injunction for more than one week and it could not muster a substantive response. Yet the entire *Pentagon Papers* litigation, which addressed thousands of pages of information far exceeding the alleged classification sensitivity of Waters' manuscript, took only two weeks to be resolved from start to finish.

grand scheme of things, it undercuts the significance of the injunction framework and belittles the paramount constitutional legal issues at stake.

In the last thirty years there have been but just a few First Amendment manuscript legal challenges. Waters' challenge is likely the most significant, at least in one important respect. Rather than just involve a challenge regarding a proposed writing there is a set publication date for his book, which the CIA has known about for months. Already due to the CIA's delays and unlawful actions that publication date will now likely have to be moved. The CIA's present request will ostensibly require that date to be moved even further and cause greater harm to Waters and his publisher.

While Waters takes extension requests very seriously (as does, in particular, his counsel who certainly requires them from time to time), the stakes for him are far too important to allow this case to be delayed in any way.

Therefore, respectfully, Waters requests that the Court, at most, grant the CIA until the end of the calendar day, Wednesday, March 15, 2006, to file its substantive response.

Date:   March 14, 2006

Respectfully submitted,

/s/

_____
Mark S. Zaid, Esq.
DC Bar #440532
Krieger & Zaid, PLLC
1920 N St., N.W.
Suite 300
Washington, D.C. 20036
(202) 454-2809
ZaidMS@aol.com

Attorney for Plaintiff

4