UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THOMAS WATERS, JR., )<br>)<br>) <br>Plaintiff, )<br>)<br>v. )<br>)<br>CENTRAL INTELLIGENCE AGENCY, )<br>)<br>Defendant. )<br>) | No. 1:06cv00383-RBW<br><br>ANSWER |

Defendant, the Central Intelligence Agency, for its answer to the complaint, hereby states as follows:

Preamble. The first sentence of the preamble is plaintiff's characterization of this action, to which no response is required. The second sentence consists of legal conclusions and legal argumentation, to which no response is required. To the extent a response is required, denies.

1-2. These paragraphs consist of legal conclusions, to which no response is required. To the extent a response is required, denies.

3. Admits the averments of the first sentence of this paragraph. The second sentence consists of legal argumentation to which no response is required. To the extent a response is required, denies, except to aver the existence of an agreement dated July 15, 2002, between plaintiff and defendant (Secrecy Agreement) and to refer to the Secrecy Agreement for the terms thereof. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of the third sentence, and so they are taken as denied.

4. Admits the averments of the first sentence of this paragraph. The second sentence consists of legal argumentation to which no response is required. To the extent a response is

required, denies, except to aver that plaintiff's manuscript contains classified information and that the publication of the manuscript is prohibited by the Secrecy Agreement and for reasons of national security.

5. Denies the averments of the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of the second sentence, and so they are taken as denied. Denies the averments of the third sentence, except to aver that defendant accepted plaintiff into a training program and that plaintiff entered on duty with defendant on July 15, 2002. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of the fourth sentence, and so they are taken as denied, except to aver that plaintiff left defendant's employment on March 5, 2004.

6. This paragraph contains legal conclusions, to which no response is required. To the extent a response is required, denies. The other averments of this paragraph consist of characterizations of documents, to which no response is required. To the extent a response is required, denies, except to aver the existence of the Secrecy Agreement; to aver the existence of Ex. 2 to Plaintiff's Motion for a Permanent Injunction or, Alternatively, for Preliminary Injunction (Plaintiff's Motion); to aver that Ex. 2 has been filed under seal; and to refer to the Secrecy Agreement and to Ex. 2 for the terms thereof.

7. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. The other averments of this paragraph consist of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of a letter dated September 1, 2004, from the Publications Review Board (PRB) to plaintiff and to refer to the letter for the terms thereof.

8. This paragraph consists of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of a letter dated September 16, 2004, from plaintiff to PRB and to refer to the letter for the terms thereof.

9. This paragraph consists of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of an e-mail dated September 17, 2004, from PRB to plaintiff and to refer to the e-mail for the terms thereof.

10. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. The other averments of this paragraph consist of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of a letter dated September 20, 2004, from PRB to plaintiff and to refer to the letter for the terms thereof.

11. This paragraph consists of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of a letter dated September 20, 2004, from plaintiff to PRB and to refer to the letter for the terms thereof.

12. This paragraph consists of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of Ex. 8 to Plaintiff's Motion; to aver that Ex. 8 has been filed under seal; and to refer to Ex. 8 for the terms thereof.

13. This paragraph consists of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of an e-mail dated December 6, 2004, from PRB to plaintiff and to refer to the e-mail for the terms thereof.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and so they are taken as denied.

15. This paragraph consists of characterizations of documents, to which no response is required. To the extent a response is required, denies, except to aver the existence of an e-mail dated September 27, 2005, from plaintiff to PRB; to aver the existence of Ex. 10b to Plaintiff's Motion; to aver that Ex. 10b has been filed under seal; and to refer to the e-mail and to Ex. 10b for the terms thereof.

16. This paragraph consists of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of an e-mail dated September 28, 2005, from PRB to plaintiff and to refer to the e-mail for the terms thereof.

17. This paragraph consists of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of an e-mail dated October 4, 2005, from plaintiff to PRB and to refer to the e-mail for the terms thereof.

18. This paragraph consists of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of an e-mail dated October 20, 2005, from plaintiff to PRB and to refer to the e-mail for the terms thereof.

19. This paragraph consists of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of an e-mail dated October 21, 2005, from PRB to plaintiff and to refer to the e-mail for the terms thereof.

20. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. The other averments of this paragraph consists of characterizations of a document, to which no response is required. To the extent a response is

required, denies, except to aver the existence of an e-mail dated December 13, 2005, from PRB to plaintiff and to refer to the e-mail for the terms thereof.

21. This paragraph consists of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of an e-mail dated December 14, 2005, from plaintiff to PRB and to refer to the e-mail for the terms thereof.

22. This paragraph consists of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of a letter bearing the typed date December 19, 2005, and the handwritten date December 29, 2005, from plaintiff to PRB and to refer to the letter for the terms thereof.

23. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. The other averments of this paragraph consist of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of an e-mail dated December 30, 2005, from PRB to plaintiff and to refer to the e-mail for the terms thereof.

24. This paragraph consists of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of an e-mail dated December 30, 2005, from plaintiff to PRB and to refer to the e-mail for the terms thereof.

25. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. The other averments of this paragraph consist of characterizations of documents, to which no response is required. To the extent a response is required, denies, except to aver the existence of an e-mail dated January 3, 2006, from PRB to

plaintiff; to aver the existence of Ex. 21 to Plaintiff's Motion; and to refer to the e-mail and to Ex. 21 for the terms thereof.

26. This paragraph consists of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of an e-mail dated January 8, 2006, from plaintiff to PRB and to refer to the e-mail for the terms thereof.

27. This paragraph consists of characterizations of a document, to which no response is required. To the extent a response is required, denies, except to aver the existence of a letter dated February 3, 2006, from plaintiff to PRB and to refer to the letter for the terms thereof.

28. This paragraph contains legal conclusions and legal argumentation to which no response is required. To the extent a response is required, denies. The other averments of this paragraph consist of characterizations of documents, to which no response is required. To the extent a response is required, denies, except to aver the existence of letters dated September 1, 2004, and February 15, 2006, from PRB to plaintiff and to refer to the letters for the terms thereof.

29. This paragraph contains legal conclusions and legal argumentation to which no response is required. To the extent a response is required, denies. Denies the other averments of this paragraph, except to aver the existence of the regulation submitted as Ex. F to defendant's opposition to Plaintiff's Motion and to refer to Ex. F for the terms thereof.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and so they are taken as denied.

31. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the other averments of this paragraph, and so they are taken as denied.

32. Repeats its response to ¶¶ 1-31.

33. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. Denies the other averments of this paragraph, except to aver the existence of the Secrecy Agreement; to refer to the Secrecy Agreement for the terms thereof; and to aver that plaintiff submitted a number of drafts of a manuscript for review.

34. The first four sentences of this paragraph contain legal argumentation to which no response is required. To the extent a response is required, denies. Denies the other averments of the first four sentences, except to aver that defendant lacks knowledge or information sufficient to form a belief as to the truth of the averment that the manuscript was "disseminated to third parties and cannot be retrieved," and so it is taken as denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of the fifth sentence, and so they are taken as denied.

35. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. Denies the other averments of this paragraph, except to aver that the United States reserves all rights should plaintiff take action with respect to his manuscript that violates the Secrecy Agreement.

36-39. These paragraphs contain legal conclusions and legal argumentation, to which no response is required. To the extent a response is required, denies. Denies the other averments of these paragraphs.

40. The first sentence of this paragraph consists of legal conclusions and legal argumentation, to which no response is required. To the extent a response is required, denies. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of the second sentence, and so they are taken as denied, except to aver that the United States reserves all rights should plaintiff take action with respect to his manuscript that violates the Secrecy Agreement.

41. Repeats its response to ¶¶ 1-31.

42. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. Denies the other averments of this paragraph, except to aver the existence of the Secrecy Agreement; to refer to the Secrecy Agreement for the terms thereof; and to aver that plaintiff submitted a number of drafts of a manuscript for review.

43-45. These paragraphs contain legal argumentation to which no response is required. To the extent a response is required, denies. Denies the other averments of these paragraphs, except to aver that plaintiff's manuscript contains classified information; that the publication of the manuscript is prohibited by the Secrecy Agreement and for reasons of national security; and that the United States reserves all rights should plaintiff take action with respect to the manuscript that violates the Secrecy Agreement.

46-49. These paragraphs consist of legal argumentation, to which no response is required. To the extent a response is required, denies.

50. The first sentence of this paragraph consists of legal conclusions and legal argumentation, to which no response is required. To the extent a response is required, denies. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

averments of the second sentence, and so they are taken as denied, except to aver that the United States reserves all rights should plaintiff take action with respect to his manuscript that violates the Secrecy Agreement.

51. Repeats its response to ¶¶ 1-31.

52. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. Denies the other averments of this paragraph, except to aver the existence of the Secrecy Agreement; to refer to the Secrecy Agreement for the terms thereof; and to aver that plaintiff submitted a number of drafts of a manuscript for review.

53. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. Denies the other averments of this paragraph, except to aver that plaintiff's manuscript contains classified information and that the publication of the manuscript is prohibited by the Secrecy Agreement and for reasons of national security.

54. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. Denies the other averments of this paragraph.

55. This paragraph consists of legal argumentation to which no response is required. To the extent a response is required, denies, except to aver that plaintiff's counsel is not entitled to access to the classified information contained in plaintiff's manuscript and that no such entitlement may be inferred from the limited security access approval that plaintiff's counsel may have been granted by defendant in certain previous cases.

56. This paragraph consists of legal argumentation, to which no response is required. To the extent a response is required, denies.

9

57. The first sentence of this paragraph consists of legal conclusions and legal argumentation, to which no response is required. To the extent a response is required, denies. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of the second sentence, and so they are taken as denied, except to aver that the United States reserves all rights should plaintiff take action with respect to his manuscript that violates the Secrecy Agreement.

58. Repeats its response to ¶¶ 1-31.

59. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. Denies the other averments of this paragraph, except to aver the existence of the Secrecy Agreement; to refer to the Secrecy Agreement for the terms thereof; and to aver that plaintiff submitted a number of drafts of a manuscript for review.

60-62. These paragraphs contain legal conclusions and legal argumentation to which no response is required. To the extent a response is required, denies. Denies the other averments of these paragraphs.

63. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. Denies the other averments of this paragraph, except to aver that defendant lacks knowledge or information sufficient to form a belief as to the truth of the averment that the manuscript was "disseminated to third parties and cannot be reasonably retrieved," and so it is taken as denied.

64. This paragraph contains legal argumentation to which no response is required. To the extent a response is required, denies. Denies the other averments of this paragraph, except to

aver that the United States reserves all rights should plaintiff take action with respect to his manuscript that violates the Secrecy Agreement.

65-68. These paragraphs consist of legal conclusions and legal argumentation, to which no response is required. To the extent a response is required, denies.

69. The first sentence of this paragraph consists of legal conclusions and legal argumentation, to which no response is required. To the extent a response is required, denies. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of the second sentence, and so they are taken as denied, except to aver that the United States reserves all rights should plaintiff take action with respect to his manuscript that violates the Secrecy Agreement.

Prayer. No response to the prayer is required. To the extent a response is required, denies that plaintiff is entitled to the requested relief or to any relief whatsoever.

No answer to the internal headings of the complaint is required. To the extent a response is required, denies.

Every averment of the complaint not otherwise answered is hereby denied.

### FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE

This district is an improper venue for this action.

### FOR A THIRD AFFIRMATIVE DEFENSE

Final agency action has not been taken with respect to plaintiff's manuscript.

FOR A FOURTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction to award some or all of the relief that plaintiff seeks.

FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate the damages he allegedly has suffered.

Wherefore, this action should be dismissed with prejudice and plaintiff should take nothing.

                Respectfully submitted,

                PETER D. KEISLER
                Assistant Attorney General
                KENNETH L. WAINSTEIN
                United States Attorney
                VINCENT M. GARVEY
                Deputy Branch Director

                /s/ David M. Glass
                DAVID M. GLASS, DC Bar 544549
                Attorney, Department of Justice
                20 Mass. Ave., N.W., Room 7140
                Washington, D.C. 20530
                Tel: (202) 514-4469/Fax: (202) 616-8470
                E-mail: david.glass@usdoj.gov

Dated: May 15, 2006            Attorneys for Defendant